1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and VERA BRADLEY DESIGNS, INC. an Indiana corporation,<br><br>               Plaintiffs,<br><br>    v.<br><br>ZHEN WANG "JOHNNY" ZHANG, an individual; FABBY GLOBAL TRADING, LLC d/b/a/ "CALIBEAN COLLECTION," a Texas limited liability corporation; and JOHN DOES 1–10,<br><br>              Defendants. | No. 2:18-cv-00352<br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF |

## I.  INTRODUCTION

1.      Since opening its virtual doors on the World Wide Web in July 1995,

Amazon.com, Inc. ("Amazon") has become one of the most trusted consumer brands in the

world.  Each day, millions of consumers use Amazon's website to purchase a wide range of

products across dozens of product categories from Amazon and third-party sellers.  The

Amazon brand allows customers to shop online with confidence from Amazon's numerous

websites around the world.  As described in more detail below, in order to protect consumers

and preserve the integrity of the Amazon marketplace, Amazon has robust policies and highly-

developed fraud detection systems to prevent any third-party seller from selling counterfeit

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

products on the Amazon website.  When Amazon discovers that a third-party seller is violating Amazon's anti-counterfeiting policies, it takes immediate action to remove the seller from the website and, in appropriate cases, to permanently enjoin the seller from future sales through court orders.  Based on Defendants' repeated and persistent violations of law, this is one such case.

2.      Defendants operated a seller account on Amazon's online marketplace through which they unlawfully advertised and sold products bearing counterfeit trademarks and that infringed the copyrighted designs of Vera Bradley Designs, Inc. ("Vera Bradley"), which designs, manufactures, sells and distributes distinctive and world-famous bags, luggage, and accessories.  As a result of their illegal actions, Defendants willfully deceived Amazon and its customers, infringed and misused Vera Bradley's intellectual property, harmed the integrity of Amazon's marketplace, tarnished Amazon's and Vera Bradley's brands, and damaged Amazon's and Vera Bradley's customers.  Amazon and Vera Bradley have filed this lawsuit to prevent further and continued harm to their customers and themselves.

3.      Defendants' illegal actions as described below breached numerous provisions of Amazon's Business Solutions Agreement ("BSA"), which entitles Amazon to injunctive relief to stop Defendants from infringing and misusing Vera Bradley's intellectual property and to prevent them from selling products through Amazon.  Defendants' actions also infringed Vera Bradley's trademarks and copyrights, entitling Vera Bradley to recover its actual and statutory damages, the disgorgement of Defendants' profits, and its attorneys' fees and costs.  Further, Defendants' actions constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125, for which Amazon and Vera Bradley seek various forms of damages and equitable relief.

## II.      PARTIES

4.      Amazon is a Delaware corporation with its principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon owns and operates the Amazon.com website and equivalent international websites.  Amazon has more than 250 million active customers.

5.      Vera Bradley is an Indiana corporation with its principal place of business in

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Roanoke, Indiana.  Vera Bradley is a global leader in innovative designs for bags, luggage, and accessories.  Vera Bradley also holds a number of duly registered trademarks, service marks and copyrights that it has developed and marketed in the United States.

6.     On information and belief, Defendant Zhen Wang "Johnny" Zhang is an individual who resides in Texas.  Zhang personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

7.     On information and belief, Defendant Fabby Global Trading, LLC ("Fabby Global") is a Texas limited liability corporation with its principal place of business in Houston, Texas.  On further information and belief, Defendant Zhang owns, controls, or otherwise has the right and ability to supervise, direct, and control the operations of Fabby Global, which Defendants used to further the unlawful scheme to sell counterfeit Vera Bradley products as alleged in this Complaint.

8.     On information and belief, Defendants John Does 1–10 (the "Doe Defendants") are individuals and entities working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit Vera Bradley products.

### III.     JURISDICTION AND VENUE

9.     The Court has subject matter jurisdiction over Vera Bradley's claims for trademark infringement (15 U.S.C. § 1114), copyright infringement (17 U.S.C. § 501), and unfair competition (15 U.S.C. § 1125(a)) pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction over Amazon's breach of contract claim pursuant to 28 U.S.C. § 1332 and § 1367.

10.    The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Vera Bradley's claims arise from those activities.  Defendants reached out to do business with Washington residents by operating commercial, interactive internet storefronts through which Washington residents could purchase products bearing counterfeit versions of

COMPLAINT - 3

Vera Bradley's trademarks and which otherwise infringed Vera Bradley's copyrights and other intellectual property.  Defendants targeted sales to Washington residents by operating these internet storefronts that (i) offer shipping to the United States, including Washington; and (ii) on information and belief, sold counterfeit products to residents of Washington.  Each of the Defendants is committing tortious acts in Washington and has wrongfully caused Amazon and Vera Bradley substantial injury in Washington.

11.     Further, Defendants entered into the Business Solutions Agreement ("BSA") with Amazon for their seller accounts stipulating that the "Governing Court" for claims to enjoin infringement of intellectual property is state or federal court in King County, Washington.

12.     Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington, and the BSA explicitly rests venue in this District.

13.     Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) the injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

**A.      Amazon's Significant Efforts to Prevent the Sale of Counterfeit Goods**

14.     Since opening its virtual doors on the World Wide Web in July 1995, Amazon.com has become one of the most trusted consumer brands in the world.  Each day, millions of consumers use Amazon's website to purchase a wide range of products across dozens of product categories from Amazon and third-party sellers.  The Amazon brand allows customers to shop online with confidence from Amazon's numerous websites around the world.

15.     Amazon depends on its reputation as an online marketplace where customers can conveniently select from a wide array of legitimate goods and services at competitive prices.  Amazon's customers trust that when they make a purchase through Amazon's

COMPLAINT - 4

website—either directly from Amazon or from one of its millions of third-party sellers—they will receive authentic products made by the true manufacturer of those products.

16.     A small number of bad actors seek to abuse that trust by creating Amazon Seller Accounts and using Amazon's marketplace to market, sell, and distribute counterfeit goods. These sellers misuse and infringe the trademarks and other intellectual property of the actual manufacturer or rights owner of those goods to deceive consumers and Amazon.  When customers purchase counterfeit goods, it undermines the trust that customers, sellers, and manufacturers place in Amazon, thereby tarnishing Amazon's brand and causing irreparable reputational harm.

17.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the ways it detects and prevents counterfeit products from reaching its marketplace.  Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to operate and continually refine its anti-counterfeiting program.  Among other things, when sellers register to sell products through Amazon's Marketplace, Amazon's automated systems scan information about the sellers for indicia that the sellers might be bad actors, and Amazon blocks those sellers during registration before they can offer any products for sale.

18.     Amazon's systems automatically and continuously scan thousands of variables related to sellers, products, and offers to detect activity that indicates products offered by a seller might be counterfeit.  Amazon uses innovative machine learning to improve its automated systems in order to anticipate and outwit bad actors.  Numerous Amazon investigators around the world respond quickly to review any listing identified as a potential counterfeit product.  These investigators also review notices of claimed infringement from rights owners, who are most familiar with their products.  When Amazon determines a product offered for sale is a counterfeit, it removes the product immediately.  Amazon regularly suspends or blocks sellers suspected of engaging in illegal behavior or infringing others'

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

intellectual property rights.

19.     Amazon works closely with brands and rights owners to strengthen protections for their brands on Amazon.com.  Amazon continues to invest in improvements to its online infringement form with the goal of reducing invalid complaints by providing a self-guided, educational, and streamlined reporting experience for rights owners.  In 2017, Amazon launched the new Amazon Brand Registry that helps owners of intellectual property ("IP") protect their registered trademarks on Amazon.  The Amazon Brand Registry provides access to tools including proprietary text and image search, predictive automation based on reports of suspected IP rights violations, and increased authority over product listings.  In addition, Amazon partners with rights owners and law enforcement to identify and prosecute sellers suspected of engaging in illegal activity.  Lawsuits like this one, targeted directly at identified bad actors, further complement Amazon's efforts to prevent the sale and distribution of counterfeit goods.

### B.     Vera Bradley and Its Anti-Counterfeiting Efforts

20.     Vera Bradley was founded in 1982 by neighbors-turned-friends Barbara Bradley Baekgaard and Patricia Miller.  Over the last 35 years, Vera Bradley has continued to grow and expand, and now offers distinctive and world-famous bags, luggage, and accessories.  Vera Bradley employs over 2,600 people, with nearly $500 million in annual net revenue.

21.     Vera Bradley sells its products to customers in a variety of ways, including through more than 160 branded retail stores, approximately 2,400 specialty gift retailers, approximately 700 department stores, certain key accounts, and its website, www.verabradley.com.

22.     Several things distinguish Vera Bradley products from the competition.  Vera Bradley's unique, eye-catching designs are world-famous and instantly recognizable.  Vera Bradley products are of the highest quality, which is something its customers expect and demand.  Additionally, Vera Bradley founded and supports the Vera Bradley Foundation for Breast Cancer, which has raised more than $30 million for breast cancer research.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

23.     Vera Bradley products are readily identifiable to consumers around the world because of the company's brand, which has been carefully built over many years using Vera Bradley's duly and properly registered trademarks, service marks, and copyrights.  This intellectual property is a core component of Vera Bradley brand.

24.     Vera Bradley currently holds trademark and service mark registrations for its many different trademarks and service marks.  Each of these marks has been duly and properly registered with the United States Patent and Trademark Office.  Relevant to this Complaint, these marks include without limitation:

> a)    "VERA BRADLEY," Trademark Reg. No. 1745799, for luggage made from textiles and women's clothing;
>
> b)    "VERA BRADLEY," Service Mark Reg. No. 5009352, for retail stores and on-line retail store services featuring a wide variety of consumer goods; and
>
> c)    "VERA BRADLEY," Trademark Reg. No. 5136200, for luggage, non-metal fabric hanging organizers, and more.

True and correct copies of the registration certificates for these trademarks and service marks (the "Vera Trademarks") are attached hereto as **Exhibits A - C**, respectively.

25.     Vera Bradley currently holds over 900 copyright registrations for its patterns and other artistic creations.  Each of those copyrights has been duly and properly registered with the United States Copyright Office.  Relevant to this Complaint, these copyrights include without limitation:

> a)    "Rio Backing (Rio Rosie)," Copyright Reg. No. VAu 1-179-341;
>
> b)    "Rio Allover," Copyright Reg. No. VAu 1-179-340;
>
> c)    "Rio Wide Trim," Copyright Reg. No. VAu 1-179-343; and
>
> d)    "Rio Narrow Trim," Copyright Reg. No. VAu 1-179-344.

True and correct copies of the copyright registration certificates for these copyrights (the "Vera Copyrights") are attached hereto as **Exhibits D - G**, respectively.

26.     Vera Bradley goes to great lengths to protect consumers from counterfeits of its

COMPLAINT - 7

products, and is committed to leading efforts to combat the presence of counterfeit products in the marketplace.  One way Vera Bradley achieves this is by working cooperatively with retailers and other entities around the world to combat the sale of counterfeits.  Partnering with Amazon in their shared goal to eradicate counterfeiting is a critical part of Vera Bradley's strategy.

**C.    Defendants Created an Amazon Seller Account and Agreed Not to Sell Counterfeit Goods**

27.    Defendants established and operated at least one Amazon seller account—"Calibean Collection"—through which they sought to advertise, market, sell, and distribute counterfeit Vera Bradley products.  The business associated with the account is Defendant Fabby Global, and Defendant Zhang is listed as a contact on the account.  The seller account is linked to a bank account held in the name of Defendant Zhang.  The seller account is also linked to a credit card held in the name of Defendant Zhang, and the credit card address matches the business address supplied by Fabby Global for its seller account.

28.    To become a third-party seller on Amazon's website, sellers must agree to the BSA, which governs the applicant's access to and use of Amazon's services and sets forth Amazon's rules and restrictions for selling through the website.  By entering into the BSA, each seller represents and warrants that it "will comply with all applicable laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA.

29.    The BSA incorporates (and sellers therefore agree to be bound by) Amazon's Anti-Counterfeiting Policy, which explicitly prohibits the sale of counterfeit goods on the Amazon marketplace:

> Customers trust that they can always buy with confidence on Amazon.com. Products offered for sale on Amazon.com must be authentic.  **The sale of counterfeit products, including any products that have been illegally replicated, reproduced, or manufactured, is strictly prohibited**.

(emphasis added).

30.    Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon marketplace, and the

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

consequences Amazon imposes when it becomes aware of counterfeiting:

> We take product authenticity very seriously. It is each seller's responsibility to source and sell only authentic products. If you sell counterfeit goods, we may immediately suspend or terminate your selling privileges and destroy inventory in our fulfillment centers without reimbursement. In addition, if we determine that a Seller Account has been used to engage in fraud or other illegal activity, remittances and payments may be withheld or forfeited. The sale of counterfeit goods can also lead to legal action by rights holders and civil and criminal penalties.

> We are constantly innovating on behalf of our customers and working with manufacturers, content owners, vendors, and sellers to improve the ways we detect and prevent counterfeit products from reaching our marketplace. We work hard on this issue every day because we know that our customers trust that they are buying authentic products when they shop on Amazon.com. This is why we stand behind the products sold on our site with our A-to-z Guarantee. We also encourage anyone who has a product authenticity concern to notify us, and we will investigate it thoroughly and take any appropriate actions.

31. By virtue of becoming a third-party seller on Amazon's website, and establishing seller accounts, Defendants explicitly agreed to, and are bound by, the BSA (among other agreements). Defendants, therefore, agreed not to advertise, market, sell or distribute counterfeit products.

**D.      Defendants' Sale of Counterfeit Vera Bradley Products**

32. Defendants advertised, marketed, sold, and distributed counterfeit products that Defendants claimed were genuine Vera Bradley products. This conduct violated the BSA. Vera Bradley has not licensed or authorized Defendants to manufacture, import, or sell products bearing the Vera Bradley brand, or to use or exploit the intellectual property rights of Vera Bradley in manufacturing, marketing, selling, or distributing products bearing the Vera Bradley brand.

33. On or about January 9, 2017, Vera Bradley received two notices (Nos. 2017-5309-100111-01 and 2017-5309-100139-01) from United States Customs and Border Protection ("CBP") that the agency had seized two imported shipments at their port of entry in Houston, Texas on December 26 and 29, 2016. The shipments contained more than 330

COMPLAINT - 9

products, all bearing counterfeit Vera Bradley trademarks.  The two shipments originated from Hong Kong, and the destination address matched the business address of Defendant Fabby Global.

34.     On or around January 27, 2017, Vera Bradley advised Amazon that Defendants were selling counterfeit Vera Bradley products through their "Calibean Collection" seller account.  Amazon promptly contacted Defendants to inquire about Vera Bradley's complaint. Defendants falsely represented to Amazon that they had acquired the counterfeit products "from Vera Bradley retail stores, outlet stores, online stores and their annual sales."

35.     On or about February 24, 2017, Vera Bradley received another notice (No. 2017-5309-100448-01) from CBP that the agency seized an imported shipment at its port of entry in Houston, Texas on February 22, 2017. The shipment contained more than 135 products, all bearing counterfeit Vera Bradley trademarks.  This shipment originated from Hong Kong, China, and the destination address matched the business address of Defendant Fabby Global.

36.     Amazon seized one of the handbags Defendants shipped to a Fulfillment by Amazon (FBA) center for distribution to Amazon's customers, to examine its authenticity. Defendants advertised the product as a "Vera Bradley Trimmed Vera (Rio Rosie)."  Defendants used Vera Bradley's brand to advertise the product, and the actual product bore Vera Bradley's trademarks and other indications of Vera Bradley's brand.  Vera Bradley reviewed the product and determined it was a counterfeit.

### E.     Amazon and Vera Bradley Shut Down Defendants' Account

37.     In selling counterfeit Vera Bradley products, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by Vera Bradley.  Defendants also knowingly and willfully used Vera Bradley's intellectual property in connection with the advertisement, distribution, offering for sale, and sale of counterfeit Vera Bradley products into the United States and Washington over the Internet.

38.     At all times, Defendants knew that the BSA prohibited the use of Amazon's

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

marketplace to distribute counterfeit goods or to violate any applicable laws.  Defendants knowingly and intentionally breached the BSA by marketing, selling, and distributing counterfeit goods on Amazon's marketplace.

39.    Defendants have deceived Amazon's customers and Amazon, infringed and misused the intellectual property rights of Vera Bradley, and harmed the integrity of Amazon's marketplace and tarnished Amazon's and Vera Bradley's brands.

40.    Amazon, working in conjunction with Vera Bradley, discovered Defendants' unlawful sale of counterfeit Vera Bradley products and promptly blocked Defendants' seller accounts.  In doing so, Amazon exercised its rights under the BSA to protect its customers, Vera Bradley, and the integrity of its marketplace.

41.    In Amazon's experience, however, it is not uncommon for sellers of counterfeit products blocked by Amazon to attempt to create new seller identities to obtain access to the Amazon marketplace.  Therefore, unless Defendants and all of their affiliated and/or successor entities are immediately and permanently enjoined from using Amazon's website to sell goods, the harm caused by Defendants to Amazon, legitimate third-party manufacturers/sellers like Vera Bradley, and consumers is likely to continue.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*(by Vera Bradley against all Defendants)*
**Trademark Infringement – 15 U.S.C. § 1114**

42.    Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

43.    Defendants' activities constitute infringement of the Vera Trademarks as described in the paragraphs above.

44.    Vera Bradley advertises, markets, and distributes its products using the Vera Trademarks described above and uses these trademarks to distinguish its products from the products and related items of others in the same or related fields.

45.    Because of Vera Bradley's long, continuous, and exclusive use of the Vera

COMPLAINT - 11

Trademarks identified in this complaint, they have come to mean, and are understood by customers and the public to signify, products from Vera Bradley.

46.     The infringing materials that Defendants have and continue to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

47.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, offering, and/or distributing originate with or are authorized by Vera Bradley, thereby harming Vera Bradley, its licensees, and the public.

48.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, their authority to use the Vera Trademarks and the confusion that the use of those trademarks would have on consumers as to the source, sponsorship, affiliation or approval by Vera Bradley of the products using those trademarks.

49.     As a result of Defendants' wrongful conduct, Vera Bradley is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and attorney fees pursuant to 15 U.S.C. § 1117 (a) and (b).  The amount of money due from Defendants to Vera Bradley is unknown to Vera Bradley and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, offered or distributed by Defendants.  Alternatively, Vera Bradley is entitled to statutory damages under 15 U.S.C. § 1117(c).

50.     Vera Bradley is further entitled to injunctive relief, including an order impounding all infringing materials.  Vera Bradley has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Vera's Trademarks are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to Vera Bradley's reputation and goodwill such that Vera Bradley could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as

COMPLAINT - 12

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

to the source, origin or authenticity of the infringing materials; and (d) Defendants' wrongful

conduct, and the resulting harm to Vera Bradley, is continuing.

## SECOND CAUSE OF ACTION
### *(by Vera Bradley against all Defendants)*
### Copyright Infringement – 17 U.S.C. § 501

51.     Plaintiffs incorporate by reference the allegations of each and all of the

preceding paragraphs as though set forth herein.

52.     Vera Bradley is the sole owner of the designs and artistic creations protected by

the Vera Copyrights identified in this Complaint, and of the corresponding copyrights and

Certificates of Registration identified above.

53.     Defendants have infringed the Vera Copyrights by reproducing, distributing

copies of, publicly displaying, and/or creating derivative works of the designs and artistic

creations protected by the Vera Copyrights without Vera Bradley's authorization.

54.     At a minimum, Defendants acted with willful blindness to, or in reckless

disregard of, Vera Bradley's copyrights.

55.     On information and belief, Defendants have committed, and continue to commit,

acts constituting infringement of the Vera Copyrights.

56.     As a result of Defendants' wrongful conduct, Vera Bradley is entitled to recover

its actual damages and Defendants' profits attributable to the infringement.  Alternatively, Vera

Bradley is entitled to statutory damages under 17 U.S.C. § 504(c).

57.     The award of statutory damages should be enhanced in accordance with 17

U.S.C. § 504(c)(2).

58.     Vera Bradley is further entitled to injunctive relief, including an order

impounding all infringing materials.  Vera Bradley has no adequate remedy at law for

Defendants' wrongful conduct because, among other things: (a) Vera's Copyrights and the

works they protect are unique and valuable property that have no readily determinable market

value; (b) Defendants' infringement harms Vera Bradley such that Vera Bradley could not be

made whole by any monetary award; and (c) Defendants' wrongful conduct, and the resulting

COMPLAINT - 13

1    harm to Vera Bradley, is continuing.

2                           **THIRD CAUSE OF ACTION**
3                     *(by Vera Bradley against all Defendants)*
      **False Designation of Origin, False Description and Representation of Vera Bradley**
4              **Packaging and Programs – 15 U.S.C. § 1125 *et seq.***

5         59.    Plaintiffs incorporate by reference the allegations of each and all of the
6    preceding paragraphs as though set forth herein.

7         60.    Vera Bradley advertises, markets, and distributes its products using the
8    trademarks described above and uses these trademarks to distinguish its products from the
9    products and related items of others in the same or related fields.

10        61.    Because of Vera Bradley's long, continuous, and exclusive use of the Vera
11   Trademarks, they have come to mean, and are understood by customers, end users, and the
12   public to signify, products from Vera Bradley.

13        62.    Vera Bradley has also designed distinctive and aesthetically pleasing displays,
14   logos, icons, graphic images, and packaging (collectively, "Vera Bradley designs") for its
15   products.  Many of these designs are protected by the Vera Copyrights.

16        63.    Defendants' wrongful conduct includes the infringement of the Vera Copyrights
17   and Trademarks, and the unauthorized use and misuse of Vera Bradley's name, and/or
18   imitation designs (specifically displays, logos, icons, graphic designs, and/or packaging
19   virtually indistinguishable from the Vera Bradley designs) in connection with Defendants'
20   commercial advertising or promotion, including without limitation, in connection with the
21   offering for sale and sale of counterfeit Vera Bradley products in interstate commerce.

22        64.    Defendants have used, and continue to use, the trademarks referenced above to
23   compete unfairly with Vera Bradley and to deceive customers.  Upon information and belief,
24   Defendants' wrongful conduct misleads and confuses their customers and the public as to the
25   origin and authenticity of the goods and services advertised, marketed, offered or distributed in
26   connection with Vera Bradley's copyrights, trademarks, name, and imitation visual designs,
27   and wrongfully trades upon Vera Bradley's goodwill and business reputation.  Defendants'

COMPLAINT - 14

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Vera Bradley, all in violation of 15 U.S.C. § 1125(a).

65.     Defendants' acts constitute willful false statements in connection with goods and/or services distributed in interstate commerce, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.     Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

67.     Vera Bradley is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to Vera Bradley.  The injury to Vera Bradley is and continues to be ongoing and irreparable.  An award of monetary damages cannot fully compensate Vera Bradley for its injuries, and Vera Bradley lacks an adequate remedy at law.

68.     Vera Bradley is further entitled to recover Defendants' profits, Vera Bradley's damages for its losses, and Vera Bradley's costs to investigate and remediate Defendants' conduct and bring this action, including its attorney's fees, in an amount to be determined.  The amount of money due from Defendants to Vera Bradley is unknown to Vera Bradley and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, offered or distributed by Defendants.  Vera Bradley is also entitled to the trebling of any damages award as allowed by law.

### FOURTH CAUSE OF ACTION
*(By Amazon against all Defendants)*
**Breach of Contract**

69.     Plaintiffs incorporate by reference the allegations of each and all of the preceding paragraphs as though set forth herein.

70.     Defendants established at least one Amazon Seller Account and entered into

COMPLAINT - 15

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the Conditions of Use of the Amazon website.

71.     Defendants' advertising, sale, and distribution of counterfeit Vera Bradley products materially breached the BSA and the Conditions of Use of the Amazon website in numerous ways.  Among other things, Defendants' conduct constitutes infringement and misuse of the intellectual property rights of Vera Bradley.

72.     Defendants are subject to liability for the wrongful conduct alleged herein (i.e., the misuse of Vera Bradley's intellectual property) both directly and under various principles of secondary liability, including without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

73.     Defendants' acts have caused irreparable injury to Amazon, and that injury is ongoing.  An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

74.     Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below in order to stop Defendants' misuse of intellectual property.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.     That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with them, from:

(i)     selling products on any of Amazon's websites;

(ii)    opening any Amazon Seller Accounts;

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6

        (iii)     manufacturing, distributing, offering to sell, or selling any product using Vera Bradley's brand or trademark, or which otherwise infringes Vera Bradley's intellectual property;

        (iv)     assisting, adding or abetting any other person or business entity in engaged or performing any of the activities referred to in subparagraphs (i) through (iii) above;

7
8

B.     That the Court enter judgment in Amazon's and Vera Bradley's favor on all claims brought by them;

9
10
11
12

C.     That the Court enter an order pursuant to 15 U.S.C. § 1116 and/or 17 U.S.C. § 503 impounding all counterfeit and infringing products bearing any of the Vera Trademarks or that otherwise infringe the Vera Copyrights, and any related item, including business records, that are in Defendants' possession or under their control;

13
14
15

D.     That the Court enter an order requiring Defendants to provide Vera Bradley a full and complete accounting of all amounts due and owing to Vera Bradley as a result of Defendants' unlawful activities;

16
17
18
19

E.     That Defendants be required to pay all general, special, actual, and statutory damages which Vera Bradley has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(b), or otherwise allowed by law;

20
21
22

F.     That Defendants be required to pay the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117 or otherwise by law; and

23
24

G.     That the Court grant Amazon and Vera Bradley such other, further, and additional relief as the Court deems just and equitable.

25
26
27

COMPLAINT - 17

DATED this 8th day of March, 2018.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

By  *s/ Bonnie E. MacNaughton*
Bonnie E. MacNaughton, WSBA #36110

*s/ James Harlan Corning*
James Harlan Corning, WSBA #45177

*s/ James H. Wendell*
James H. Wendell, WSBA #46489
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Tel: (206) 622-3150
Fax: (206) 757-7700
Email:    bonniemacnaughton@dwt.com
              jamescorning@dwt.com
              jamiewendell@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax