UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and VERA BRADLEY DESIGNS, INC. an Indiana corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ZHEN WANG "JOHNNY" ZHANG, an individual; FABBY GLOBAL TRADING, LLC d/b/a/ "CALIBEAN COLLECTION," a Texas limited liability corporation; and JOHN DOES 1–10,<br><br>Defendants. | No. 2:18-cv-00352-RSM<br><br>STIPULATED PROTECTIVE ORDER |

**1.     PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 1
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## 2. "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" MATERIAL

2.1 "<u>CONFIDENTIAL</u>." Material designated as "CONFIDENTIAL" ("Confidential Material") shall include information contained or disclosed in any materials, including documents or portions thereof; interrogatories, requests for admission, requests for production of documents, and answers and responses thereto; deposition testimony and transcripts; and any tangible things that a party believes is confidential and should be designated as "CONFIDENTIAL." Material so designated may include the following categories of information:

(a) data about counterfeit investigations;

(b) a party's process for collection and analysis of suspected counterfeit products;

(c) Plaintiffs' purchase of suspected counterfeit products from Defendants and Plaintiffs' analysis of those products;

(d) the source of legitimate and/or counterfeit products sold by Defendants and any investigations related thereto;

(e) confidential pricing and availability information of Plaintiffs' and/or Defendants' products; and

(f) Plaintiffs' and/or Defendants' revenue, costs, income, and/or profitability.

2.2 "<u>ATTORNEYS' EYES ONLY</u>." The parties shall have the right to further designate Confidential Material or portions thereof as "ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"). This designation may be made upon a good faith belief that such Confidential Material contains one or more of the following:

(a) highly sensitive personal information (e.g., personal tax returns or medical information);

(b) highly confidential trade secrets related to Plaintiffs' counterfeit enforcement efforts unrelated to this lawsuit;

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 2
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(c) contracts and license agreements between third parties and Plaintiffs and/or Defendants;

(d) the name, address, and/or contact information of Plaintiffs' and/or Defendants' customers; and

(e) highly confidential trade secrets relating to research, development, pricing, probability, regulatory, or commercial information, the disclosure of which to any employee, officer, director, consultant, contractor, subcontractor, or shareholder of any other party or any of its affiliates would create a risk of significant injury to the designating party's business.

3. **SCOPE**

The protections conferred by this agreement cover not only Confidential and Attorneys' Eyes Only Material (as defined above), but also (1) any information copied or extracted from Confidential and/or Attorneys' Eyes Only Material; (2) all copies, excerpts, summaries, or compilations of Confidential and/or Attorneys' Eyes Only Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential and/or Attorneys' Eyes Only Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or, without contravening any portion of this Stipulated Protective Order, becomes part of the public domain through trial or otherwise.

4. **ACCESS TO AND USE OF CONFIDENTIAL AND ATTORNEYS' EYES ONLY MATERIAL**

4.1 <u>Basic Principles</u>. A receiving party may use Confidential and/or Attorneys' Eyes Only Material that is disclosed or produced by another party or by a non-party in connection with this case **only for prosecuting, defending, or attempting to settle this litigation**. Confidential and/or Attorneys' Eyes Only Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and/or Attorneys' Eyes Only Material must be stored and maintained by a receiving party at a location

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 3
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose material designated as "CONFIDENTIAL" only to:

(a) the receiving party's counsel of record in this action, and employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) in-house counsel;

(c) the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court, Court personnel, and court reporters and their staff;

(f) copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any "CONFIDENTIAL" material to third parties and to immediately return all originals and copies of any "CONFIDENTIAL" material;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal, refer to, describe, or otherwise disclose "CONFIDENTIAL" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 4
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**4.3** <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose material designated as "<u>ATTORNEYS' EYES ONLY</u>" only to the persons designated in, and in accordance with, Section 4.2, subsections (a), (d), (e), (f), and (h).

**4.4** <u>Filing Confidential and/or Attorneys' Eyes Only Material</u>. Before filing Confidential and/or Attorneys' Eyes Only Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1** <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited unless discussed and agreed to by the Parties in advance. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 5
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

5.2     Manner and Timing of Designations.  Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this agreement must be clear and made prior to or at the time when the designated material is disclosed or produced.

(a)     Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the term "CONFIDENTIAL" to each page that contains Confidential Material and/or "ATTORNEYS' EYES ONLY" to each page that contains Attorneys' Eyes Only Material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial or trial proceedings: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY."  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the term "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY."   If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. A correction is timely if the designation is asserted within (14) fourteen days after discovery of the inadvertent failure to designate.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality, including "ATTORNEYS' EYES ONLY," at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 7
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential and/or Attorneys' Eyes Only Material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential and/or Attorneys' Eyes Only Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

order or agreement that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

**10.  NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential and/or Attorneys' Eyes Only Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Notwithstanding the requirements of this paragraph, however, a party's outside counsel of record is not required to delete copies of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material that may reside on their respective firm's email archive or electronic back-up systems. In addition, each party's counsel of record is entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such material contains Confidential and/or Attorneys' Eyes Only Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or the Court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 19th day of October, 2018.

> DAVIS WRIGHT TREMAINE LLP
> *Attorneys for Plaintiffs*
>
> By  /s/ Zana Z. Bugaighis
> Bonnie E. MacNaughton, WSBA #36110
> Zana Z. Bugaighis, WSBA # 43614
> James Harlan Corning, WSBA #45177
> 1201 Third Avenue, Suite 2200
> Seattle, WA 98101-3045
> Tel: (206) 622-3150
> Fax: (206) 757-7700
> Email:  bonniemacnaughton@dwt.com
>   zanabugaighis@dwt.com
>   jamescorning@dwt.com

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 9
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

THE ELLIOTT LAW FIRM
*Attorneys for Defendants*

By  /s/ Douglas H. Elliott
    Douglas H. Elliott, *Pro Hac Vice*
    Nathan Q. Huynh, *Pro Hac Vice*
    6750 West Loop South, Suite 995
    Bellaire, TX 77401
    Tel: (832) 485-3507
    Fax: (832) 485-3511
    Email: doug@elliottiplaw.com
           nathan@elliottiplaw.com

CHERNOFF VILHAUER, LLP
*Attorneys for Defendants*

By  /s/ Susan D. Pitchford
    Susan D. Pitchford, WSBA #26259
    Kevin L. Russell, Pro Hac Vice
    111 SW Columbia Street, Suite 725
    Portland, OR 97201
    Tel: (503) 227-5631
    Fax: (503) 228-4373
    Email:   sdp@chernofflaw.com
               kevin@chernofflaw.com

\* authorized via email on October 19, 2018

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: October 22, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 10
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Amazon.com, Inc., et al. v. Zhang, et al.*, No. 2:18-cv-00352-RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
(No. 2:18-cv-00352-RSM) - 11
4842-3611-4290v.5 0051461-001951

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax