UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC. et al., | CASE NO. C18-352 RSM |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT |
| v. | |
| ZHEN WANG "JOHNNY" ZHANG et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Judgment. Dkt. #56. Plaintiffs allege that Defendants have breached a settlement agreement between the parties and consequently request that the Court enter judgment against Defendants. *Id.* Defendants have not responded. *See* W.D. Wash. Local Rules LCR 7(b)(2) (except for summary judgment motions, the Court can consider a failure to oppose the motion as an admission that the motion has merit). However, the Court does not find it appropriate to enter judgment on this record and denies the motion without prejudice.

Plaintiffs Amazon.com, Inc. ("Amazon") and Vera Bradley Designs, Inc. ("Vera Bradley") brought this action against Defendants Zhen Wang "Johnny" Zhang and Fabby Global Trading, LLC d/b/a "Calibean Collection" for selling products on Amazon's online marketplace that violated Vera Bradley's trademarks and copyrights. Dkt. #28. Prior to trial, the parties were

ORDER – 1

1 able to reach a settlement and stipulated to entry of a permanent injunction. Dkt. #51. Broadly
2 speaking, the permanent injunction barred Defendants from using Amazon's marketplace to
3 conduct business, from violating Vera Bradley's trademarks and copyrights, and from aiding
4 others undertaking those actions. Dkt. #53. At the request of the parties, the Court dismissed the
5 action on February 2, 2020. Dkt. #54. Now, Plaintiffs ask that the Court enter judgment against
6 Defendants based on an alleged breach of the parties' settlement agreement.

7 Initially, the Court notes that the "Stipulated Judgment" is not executed by Defendants.
8 Dkt. #56 at 4–6. Plaintiffs indicate that the form of the stipulated judgment was made an exhibit
9 to the parties' settlement agreement and that upon breach the settlement agreement permitted
10 them to file the judgment. *Id.* at 1. But Plaintiffs do not provide the Court a copy of the parties'
11 settlement agreement. In fact, Plaintiffs do not provide the Court with any proof that Defendants
12 agreed to entry of this stipulated judgment.

13 Likewise, Plaintiffs provide no proof that the settlement agreement—whatever its terms
14 may be—has been breached. At best, the Court can infer that the Defendants were obligated to
15 make certain payments to Plaintiffs and failed to do so. The proposed judgment indicates simply
16 "that Defendants have defaulted in their settlement payments." *Id.* at 5. Likewise, the proposed
17 judgment indicates a principal judgment of "$500,000 minus any previous settlement payments
18 made to date of default" while seeking a judgment "amount of US $480,000." *Id.* But the
19 representation by Plaintiffs, in their unsworn motion, is that "Defendants defaulted on the
20 settlement obligations on November 23, 2020." *Id.* at 1. Beyond this single conclusory
21 statement, Plaintiffs provide the Court with no actual evidence of breach.

22 //
23 //
24 //

ORDER – 2

Accordingly, and having reviewed Plaintiffs' motion and the remainder of the record, the Court finds the record inadequate to justify the entry of judgment and DENIES Plaintiffs' Motion for Judgment (Dkt. #56) without prejudice.

DATED this 16th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3